UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01470-AH-DSR | Date | April 3, 2026 |
| Title | Jose Manuel Garcia Salamanca v. Markwayne Mullin et al. | | |

Present: The Honorable   Anne Hwang, United States District Judge

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:   (IN CHAMBERS) ORDER GRANTING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 4)

Before the Court is an Application for a Temporary Restraining Order ("TRO") filed by Petitioner Jose Manuel Garcia Salamanca ("Petitioner"). Appl., Dkt. No. 4. Respondents Markwayne Mullin, Todd Lyons, Pam Bondi, Ernesto Santacruz, Jr., and Fereti Semaia ("Respondents") indicated that would not present an opposition argument to the Application. Resp., Dkt. No. 9. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the following reasons, the Court **GRANTS** Petitioner's Application.

## I.    BACKGROUND[1]

Petitioner was placed in removal proceedings in August 2023 and charged with inadmissibility for having entered the United States without inspection. Pet. ¶ 28. Petitioner was released from immigration custody on an Order of Recognizance, but was subsequently arrested by immigration authorities and is

---

[1] The Court summarizes the relevant facts based on the allegations in Petitioner's Petition for Writ of Habeas Corpus ("Petition"). Pet., Dkt. No. 1.

currently detained at the Adelanto ICE Detention Facility. *Id.* ¶ 29.  Petitioner is in pending removal proceedings. *Id.* ¶ 30.

On March 26, 2026, Petitioner filed the Petition against Respondents, seeking a writ of habeas corpus. *See generally id.*  On the same day, Petitioner filed the instant Application for a TRO requiring Respondents to provide him with an individualized bond hearing before an immigration judge. *See generally* Appl.

## II.    LEGAL STANDARD

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20).  When "the nonmovant is the government, the last two *Winter* factors merge." *Id.* (internal quotation marks and citations omitted).

Courts in the Ninth Circuit also employ a "sliding scale" approach, also known as the "serious questions" test, in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, "'serious questions going to the merits" and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* Serious questions are those that "cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation. Thus, parties do not show serious questions when they raise a merely plausible claim." *Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024) (internal quotation marks and citations omitted).

## III.   DISCUSSION

Petitioner has demonstrated that he is entitled to the requested TRO. Numerous district court judges, including many in this district, have addressed the same legal issues presented here and have granted similar requests. *See, e.g.*,

*Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) and 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025); *Zavala v. Noem*, 2025 WL 3514086, at *2 (C.D. Cal. Dec. 4, 2025) (collecting cases).  The Court finds the reasoning in those opinions to be persuasive.  Accordingly, the Court concludes that:  (1) Petitioner is likely to succeed on the merits of his claim that his ongoing detention under 8 U.S.C. § 1225(b)(2) is unlawful because 8 U.S.C. § 1226(a) governs his detention; (2) Petitioner is likely to suffer irreparable injury in the absence of emergency relief because detention constitutes a loss of liberty that is irreparable; and (3) the balance of equities and public interest weigh in favor of emergency relief because "neither equity nor the public's interest are furthered by allowing violations of federal law to continue."  *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022).

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  The Court has "discretion as to the amount of security required, if any," and "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's Application for a TRO.

1.    Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.  At the bond hearing, the immigration judge must review all evidence related to Petitioner's danger and flight risk, and reach a reasoned decision regarding Petitioner's detention; and

2.    Respondents shall have until April 13, 2026 to show cause, in writing, as to why the Court should not issue a preliminary injunction in this case.  Petitioner may file a response on or before April 15, 2026.  The Court sets a hearing on whether a preliminary injunction should issue for April 17, 2026 at 9:00 am.

**IT IS SO ORDERED.**

---